**United States Bankruptcy Court, Northern District of Illinois**

| Name of Assigned Judge | A. Benjamin Goldgar | **CASE NO.** | 15 B 23651 |
|---|---|---|---|
| **DATE** | May 5, 2016 | **ADVERSARY NO.** | 16 A 14 |
| **CASE TITLE** | Robert Golden v. Lanny R. Gibrick | | |
| **TITLE OF ORDER** | Order denying defendant's motion to dismiss | | |

**DOCKET ENTRY TEXT**

The motion of defendant Lanny R. Gibrick to dismiss the adversary complaint of plaintiff Robert Golden is denied. A separate scheduling order will be entered.

[For further details see text below.]

**STATEMENT**

Before the court for ruling is the motion of defendant Lanny R. Gibrick to dismiss the adversary complaint of plaintiff Robert Golden. The complaint alleges that Gibrick owes Golden a debt non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). Gibrick argues that the complaint should be dismissed as time-barred because it was filed the day after the filing deadline in Bankruptcy Rule 4007(c), Fed. R. Bank. P. 4007(c).

For the following reasons, the motion to dismiss will be denied.

**1. Procedural Posture**

As the basis for his motion, Gibrick cites only Rule 4007(c). But Rule 4007(c) says nothing about dismissal. The deadline in Rule 4007(c) is instead akin to a statute of limitations. *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002), *aff'd sub nom. Kontrick v. Ryan*, 540 U.S. 443 (2004). Dismissal of a complaint based on a statute of limitations is usually improper, since a limitations period is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1) (made applicable by Fed. R. Bankr. P. 7008), and "a complaint need not anticipate and overcome affirmative defenses," *Sidney Hillman Health Ctr. v. Abbot Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Dismissal of a complaint as time-barred is possible under Rule 12(b)(6) when the complaint itself establishes a limitations defense. *Id.*; *Chicago Bldg. Design, P.C. v.*

**STATEMENT**

*Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014).[1/]  But this approach is considered "irregular," because defenses "typically turn on facts not before the court" at the pleading stage. *Sidney Hillman*, 782 F.3d at 928. A complaint will be dismissed on the basis of an affirmative defense, consequently, only where its allegations "set forth everything necessary to satisfy" the defense. *Id.* And if "there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense," dismissal is inappropriate. *Id.*

Gibrick's motion, then, is one under Rule 12(b)(6). Because it is, all well-pleaded factual allegations in Golden's complaint are taken as true, and all reasonable inferences from the facts are drawn in favor of the non-movant. *Chicago Bldg. Design*, 770 F.3d at 612. Facts evident from exhibits attached to the complaint may also considered. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). Subject to consideration, as well, are facts disclosed for the first time in the plaintiff's response to the motion, provided those facts are consistent with the complaint itself. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

**2. Facts**

Golden's complaint, his response to the motion to dismiss, an affidavit submitted with the response, and the court's docket disclose the following facts.

On July 10, 2015, Gibrick filed a petition seeking relief under chapter 13 of the Bankruptcy Code. (Bankr. Dkt. No. 1). The initial meeting of creditors under section 341(a) was set for August 3, 2015. (*Id.* No. 6). On September 15, 2015, Gibrick gave notice that he was converting his case to a case under chapter 7. (*Id.* No. 18). A new creditors meeting in the converted case was set for November 6, 2015. (*Id.* No. 20).

On January 6, 2016, Golden filed an adversary complaint against Gibrick alleging that Gibrick owed Golden a non-dischargeable debt under 523(a)(2)(A). (Adv. Dkt. No. 1). The complaint alleged that Gibrick had entered into an agreement with Golden under which Golden agreed to furnish and install window treatments, including sheers, blinds, and drapes, at a cost of $12,700. (Compl. ¶ 8 and Ex. A). Golden paid Gibrick a deposit of $6,000. (Compl. ¶ 10). Despite the deposit, and despite Golden's commitment to provide the window treatments in five

---

[1/]  Technically, the motion should be one for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bank. P. 7012(b)), not a motion to dismiss under Rule 12(b)(6). *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012). The problem here is that a Rule 12(c) motion can only be made after the pleadings are closed, and Gibrick has not answered the complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011). So Rule 12(c) is unavailable to him.

**STATEMENT**

weeks, Golden repeatedly sought more time to provide them. (*Id.* ¶¶ 11-22). Some ten weeks after the initial agreement, Gibrick admitted he had never placed the order with the manufacturer. (*Id.* ¶ 22). Gibrick then sought more time from Golden and eventually installed the sheers. (*Id.* ¶ 24). But he never installed the rest of the treatments, never refunded Golden's deposit, and never provided Golden with a $2,000 "pre-loaded" American Express card he had agreed to give him as a partial settlement of the dispute. (*Id.* ¶¶ 23, 25). Golden asserts that Gibrick's debt to him stems from fraud and for that reason cannot be discharged.

Attorney Brendan Appel represents Golden in the adversary proceeding. An associate at Appel's office completed a draft of the adversary complaint on December 23, 2015, after Appel had left town on vacation. (Response Ex. A at 1-2). Because he was out of town, Appel planned to file the complaint himself when he returned on January 5, 2016. (*Id.*). Appel's flight arrived in Chicago on January 5 around 8:15 p.m. (*Id.* at 2). Appel first went home and then went to his office, arriving there after 10 p.m.. (*Id.*).

But when Appel attempted to file the complaint electronically using the bankruptcy court's case management and electronic case filing ("CM/ECF") system, he found he could not get past the login screen. (*Id.*). He attempted repeatedly to troubleshoot the problem himself but could not access CM/ECF before midnight. (*Id.* at 2-3). Because the CM/ECF help desk at the clerk's office had closed at 6:00 p.m., he was unable to get assistance. (*Id.* at 2). The next morning, January 6, Appel successfully logged in and filed the complaint. (*Id.* at 3).

It is possible that problems with the court's computer system may have prevented Appel from gaining access to the CM/ECF system. Appel contacted the bankruptcy court's systems department on April 8, 2016, to inquire about the problem he had encountered four months earlier. (*Id.* at 3). A member of the systems department, Martin Sanchez, told Appel there was no record of any system-wide problem on January 5, 2016, but Sanchez acknowledged that the problem Appel experienced "could happen" and "happens once in a while" because of "communication errors" with the court's systems. (*Id.*).

It is also possible that Appel's own internet connection was to blame. Appel concedes his firm had experienced frequent internet service interruptions. *(Id.* at 3-4). These included outages and "slow downs" that "would manifest themselves as limited or nearly total inability to navigate via the internet." (*Id.*). To address these problems, Comcast, the firm's internet service provider, sent a technician to Appel's office on November 17, 2015, and again on December 3, 2015. (*Id.*). The technician performed some work, but each time the problems returned. (*Id.* at 4). At least some of the problems resulted from an outdated modem that Comcast should have replaced the previous year. (*Id.* at 4-5). According to Comcast, the outdated modem could cause service interruptions like the interruption Appel experienced on January 5, 2016. (*Id.*).

**STATEMENT**

### 3. Discussion

Gibrick's motion to dismiss Golden's complaint will be denied. Although the complaint was filed one day after the deadline in Rule 4007(c), the rules give a party an extension if the clerk's office is inaccessible on the last day to file. It is unclear from the facts alleged – which include the facts in the response and accompanying affidavit – whether the clerk's office was truly inaccessible or whether Appel's computer problems were to blame. Therefore, Golden has not admitted "all the ingredients of an impenetrable defense," and the complaint cannot be dismissed. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Under Rule 4007(c), a complaint to determine the dischargeability of a debtor's debts under section 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). Because Golden's complaint alleged nondischargeability under section 523(a)(2)(A), the complaint was one under section 523(c) and was subject to that deadline. *See* 11 U.S.C. § 523(c). When a case is converted from a chapter 13 to a chapter 7, moreover, the deadline changes. Because a new meeting of creditors is set in the chapter 7 case, "a new time period for filing . . . a complaint to obtain a determination of dischargeability of any debt shall commence under Rule[ ] . . . 4007." Fed. R. Bankr. P. 1019(2)(A).

Here, Gibrick filed his chapter 13 petition on July 10, 2015. The first date set for the meeting of creditors in the chapter 13 case was August 3, 2015. Gibrick then voluntarily converted the case to one under chapter 7 on September 11, 2015, and the first date set for the meeting of creditors in the chapter 7 case was November 6, 2015. Rule 4007(c) (together with Rule 1019(2)(A)) required complaints objecting to dischargeability under section 523(c) to be filed 60 days after the November 6 date – or in other words by January 5, 2016. Golden filed his complaint on January 6, 2016, one day after the January 5 deadline. All other things being equal, then, the complaint was too late and should be dismissed.

But things are not necessarily equal here. Rule 9006 determines how time periods in the Bankruptcy Rules are computed and extended. As Golden correctly points out, Rule 9006(a)(3) provides that "if the clerk's office is inaccessible (A) on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day." Fed. R. Bankr. P. 9006(a)(3)(A). Golden contends that the clerk's office was "inaccessible" to Appel (and therefore to Golden) on January 5, when Appel tried but failed to file the complaint using the CM/ECF system. Therefore, Golden says, the deadline became January 6, the "first accessible day," and the complaint was timely filed that day.

There may be something to this. In rare instances, the clerk's office can be inaccessible although the office is technically open. *United States Leather v. H & W Partnership*, 60 F.3d 222, 225-26 (5th Cir. 1995) (extending a filing deadline under Rule 6(a)(3) when an ice storm

## STATEMENT

had rendered the clerk's office physically inaccessible).[2/] In *Justice v. Town of Cicero,* 682 F.3d 662, 664 (7th Cir. 2012), the Seventh Circuit suggested that the clerk's office is inaccessible (and the filing deadline extended under Rule 6(a)(3)) if the clerk's computers or software make electronically filing impossible. *See id.* (noting that if the party had attempted to file at 11:00 p.m. on the last day to do so and the clerk's system would not accept the document, the deadline would be extended to the next day).

On the other hand, the clerk's office is not inaccessible, and the filing deadline is not extended, if the filer's own computer or connectivity problems are to blame. *See In re Sizemore*, 341 B.R. 658, 660 (Bankr. N.D. Ind. 2006) (noting that an extension to file was not available where the court's system was functioning properly and the late filing resulted from a technical problem unique to the filer); *In re Sands*, 328 B.R. 614, 619 (Bankr. N.D.N.Y. 2005) ("Problems occurring in counsel's office, such as a poor Internet connection or a hardware problem, will not excuse [a party's] untimely filing. It is incumbent on the [party] to show that the clerk's office was subject to a CM/ECF failure.")

So the timeliness of Golden's complaint depends on what caused the problem in filing it: Appel's unreliable internet connection or the possible failure of the CM/ECF system. The facts alleged do not answer that question. According to Golden's response and supporting affidavit, a representative of the court's systems department conceded that communication problems on the court's end "could happen" and indeed do "happen[ ] once in a while." But the representative did not go so far as to admit that the court was at fault when Appel tried to file the complaint late on January 5. For his part, meanwhile, Appel acknowledges several connectivity problems in the weeks before the January 5 deadline. But he does not go so far as to admit these problems blocked his access to the CM/ECF system on January 5.

This factual uncertainty dooms Gibrick's motion. For a complaint to be dismissed under Rule 12(b)(6) as untimely, the complaint must allege "everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design*, 770 F.3d at 614. As long as there is some "conceivable set of facts" that would defeat the defense, "questions of timeliness are left for summary judgment (or ultimately trial)" when the defense can be evaluated on "a more complete factual record." *Sidney Hillman*, 782 F.3d at 928. Because the facts alleged here do not show Golden's complaint was untimely but leave open the possibility that it was filed on time, Gibrick's motion to dismiss will be denied. Gibrick is free to assert untimeliness as an affirmative defense in his answer and pursue the matter in discovery if he wishes.

---

[2/]   Rule 6 of the Federal Rules of Civil Procedure is "substantially identical" to Bankruptcy Rule 9006. 10 *Collier on Bankruptcy* ¶ 9006.01 at 9006-5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016).

**STATEMENT**

### 4. Conclusion

The motion of defendant Lanny R. Gibrick to dismiss the adversary complaint of plaintiff Robert Golden is denied. A separate scheduling order will be entered.

Dated: May 5, 2016

_____
A. Benjamin Goldgar
United States Bankruptcy Judge