UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LANNY GIBRICK, | ) | No. 15 B 23651 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ROBERT GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 A 14 |
| | ) | |
| LANNY GIBRICK, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

Before the court for ruling is the motion of defendant Lanny R. Gibrick ("Gibrick") to disqualify Brendan Appel ("Appel") as trial counsel for plaintiff Robert Golden ("Golden"). For the following reasons, Gibrick's motion to disqualify will be granted.

### 1. Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A); *see In re Cabe & Cato, Inc.*, 524 B.R. 870, 877 (Bankr. N.D. Ga. 2014); *In re Patrick*, No. 14-11203, 2014 WL 3722005, at *2 (Bankr. W.D. La. July 24, 2014).

### 2. Background

The relevant background is drawn from the ruling on Gibrick's motion to dismiss the

complaint, *Golden v. Gibrick (In re Gibrick)*, Nos. 15 B 36486, 16 A 14, 2016 WL 7451300 (Bankr. N.D. Ill. May 5, 2016), his answer to the complaint (Dkt. No. 16), and his motion for disqualification (Dkt. No. 28).

On July 10, 2015, Gibrick filed a petition seeking relief under chapter 13 of the Bankruptcy Code. The initial meeting of creditors under section 341(a) was set for August 3, 2015. On September 15, 2015, Gibrick gave notice that he was converting his case to a case under chapter 7. A new creditors meeting in the converted case was set for November 6, 2015.

On January 6, 2016, Golden filed an adversary complaint against Gibrick alleging that Gibrick owed him a debt nondischargeable under section 523(a)(2)(A). According to Golden, Gibrick committed fraud in connection with an agreement to furnish and install window treatments at Golden's residence.

Gibrick moved to dismiss the adversary proceeding as untimely. Under Bankruptcy Rule 4007(c), a complaint to determine the dischargeability of debts under section 523(c) (and a complaint under section 523(a)(2)(A) is a complaint under section 523(c), *see* 11 U.S.C. § 523(c)) must be filed "no later than 60 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c). When a case is converted, Bankruptcy Rule 1019(2)(A) says that a new time period begins for purposes of the Rule 4007(c) deadline. Fed. R. Bankr. P. 1019(2)(A). Gibrick converted his case on September 15, 2015, and the first meeting of creditors after conversion was set for November 6, 2015. That made Golden's deadline to file his complaint January 5, 2016, the sixtieth date after November 6. Because Golden filed the complaint on January 6, the complaint appeared to be late.

Briefing on the motion to dismiss, however, revealed a factual dispute about the complaint's lateness. In opposition to the motion, Golden's counsel, Brendan Appel, submitted

-2-

his own affidavit in which he said he had tried to file the complaint late in the evening on January 5 but had been unable to connect to the bankruptcy court's case management/electronic filing ("CM/ECF") system. Bankruptcy Rule 9006(a)(3)(A) extends a filing deadline to the next day when the clerk's office is "inaccessible . . . on the last day for filing." Fed. R. Bankr. P. 9006(a)(3)(A). Golden argued that the clerk's office was inaccessible on January 5, and his complaint filed on January 6, the next day, was therefore timely.

Appel's affidavit did not resolve the dispute. The facts he asserted left open whether he had been unable to file his complaint because of problems with the court's electronic filing system or problems with his own internet connection. If the problem lay with the court's system, the clerk's office was inaccessible under Rule 9006(a)(3), and the complaint was timely. If the problem lay with Appel's internet connection, the complaint was late. *Compare Justice v. Town of Cicero*, 682 F.3d 662, 664 (7th Cir. 2012) (suggesting that the clerk's office is inaccessible if the clerk's systems make electronic filing impossible), *with In re Sizemore*, 341 B.R. 658, 660 (Bankr. N.D. Ind. 2006) (noting that a filing is late if the court's systems are functioning properly). Because this factual question prevented dismissal, Gibrick's motion had to be denied. He was invited to assert untimeliness as an affirmative defense in his answer and to pursue discovery on the question.

Gibrick has done both, raising untimeliness as an affirmative defense and seeking discovery from the clerk of the court as well as from Golden. But the proper person to respond to discovery, Gibrick contends, is not Golden but Appel. And that has led to the current motion. Gibrick has moved to disqualify Appel as counsel for Golden under the advocate-witness rule on the ground that Appel will have to testify on the timeliness issue at trial.

### 3. Discussion

Gibrick's motion to disqualify Appel will be granted. Appel will have to be called as a witness at trial to rebut Gibrick's case on his affirmative defense, and disqualification at this stage will not work a substantial hardship on Gibrick.

#### a. The "Advocate-Witness" Rule

The roles of attorney and witness "usually are incompatible." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1148 (7th Cir. 1993). Under what is known as "the advocate-witness rule," an attorney thus cannot serve both as advocate and witness in the same proceeding. *United States v. Jones*, 600 F.3d 847, 861-62 (7th Cir. 2010). This rule "has deep roots in American law." *Id.* at 862 (internal quotation omitted). "Rules of professional conduct for attorneys have long recognized that having an attorney testify either for or against his client can put great stress on our system of justice." *United States v. Turner*, 651 F.3d 743, 749 (7th Cir. 2011).

In this district, the advocate-witness rule is embodied in ABA Model Rule 3.7.[1] Rule 3.7(a) declares that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Model Rules of Prof'l Conduct R. 3.7(a) (2016). The rule then provides three exceptions, only the third of which is relevant here. Under Rule 3.7(a)(3), an attorney may act as an advocate at trial, even though he is likely to be a necessary witness, if his disqualification "would work substantial hardship on the client." *Id.* R. 3.7(a)(3).

---

[1] With an exception not relevant here, the rules of professional conduct applicable in the district court also apply in the bankruptcy court. *See* L.R. 9029-4A. Local Rule 83.50 of the district court provides that the applicable disciplinary rules are the ABA Model Rules. *See* Dist. Ct. L.R. 83.50. Although the ABA Model Rules do not apply when they differ from the state disciplinary rules applicable to Illinois attorneys or to lawyers from other states, *see id.*, Appel is an Illinois attorney, and Rule 3.7 of the Illinois Rules of Professional Conduct is identical to ABA Model Rule 3.7, *see* Ill. Rules of Prof'l Conduct R. 3.7 (2014).

Disqualifying an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (internal quotation omitted); *Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 787 (N.D. Ill. 2008). Because they are potential "techniques of harassment," motions for disqualification are "viewed with extreme caution." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982); *Mercury Vapor*, 545 F. Supp. 2d at 787. At the same time, "there are situations where disqualification is 'both legitimate and necessary.'" *Doe v. Catholic Archdiocese of Chi.*, No. 09 C 7656, 2010 WL 2293460, at *2 (N.D. Ill. June 8, 2010) (quoting *Freeman*, 689 F.2d at 722).

When disqualification is sought under Rule 3.7, the court engages in "a two-part inquiry." *United States v. Hollnagel*, No. 10 CR 195, 2011 WL 3898033, at *4 (N.D. Ill. Sept. 6, 2011); *Schenberg v. Leventhal (In re Leventhal)*, Nos. 10 B 12257, 11 A 1467, 2012 WL 1067568, at *2 (Bankr. N.D. Ill. Mar. 22, 2012). The court must first determine whether the attorney is "likely to be a necessary witness." *Hollnagel*, 2011 WL 3898033, at *4 (internal quotation omitted); *see also Robin v. Katten, Muchin, Zavis, Pearl & Galler*, No. 85 C 8913, 1986 WL 7079, at *7 (N.D. Ill. June 13, 1986) (calling this "[t]he essential inquiry"). If the attorney is likely to be a necessary witness, the court must then decide whether the attorney's disqualification would "work a substantial hardship on" the client. *Hollnagel*, 2011 WL 3898033, at *4 (internal quotation omitted).

The question of disqualification rests with the court's "broad discretion." *Id.* at *3; *Leventhal*, 2012 WL 1067568, at *2.

-5-

### b. Necessary Witness

The first part of the inquiry is satisfied here. Appel is more than just "likely" to be a necessary witness. He is certain to be one.

Courts have "variously described" the circumstances under which an attorney ought to be a witness. *Robin*, 1986 WL 7079, at *7; *see also Jones v. City of Chicago*, 610 F. Supp. 350, 356-57 (N.D. Ill. 1984). The Seventh Circuit has suggested that an attorney's testimony is likely to be necessary when it is "foreseeable" he will testify. *Bank of Am. v. Saville*, 416 F.2d 265, 272 (7th Cir. 1969). Other courts have found the standard met when the attorney is aware of facts making it "obligatory" for him to testify in order to represent his client "completely and zealously." *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 530-31 (5th Cir. 1981). Still others have said that an attorney ought to testify if he "has crucial information in his possession which must be divulged," *Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equip. Corp.*, 546 F.2d 530, 538-39 n.21 (3d Cir. 1976), or if his testimony is "essential to the case," *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 708 (6th Cir. 1982).

Appel is certain to be a necessary witness because Gibrick intends to defend Golden's section 523(a)(2)(A) claim partly, if not primarily, on the ground that the complaint was late. Gibrick raised that ground in his motion to dismiss, raised it again as an affirmative defense in his answer, and is currently taking discovery on it. Since the due date and filing date are evident from the court's docket, moreover, all Gibrick will have to do at trial to make out a prima facie case is ask the court to take judicial notice of its docket. To have any chance of staving off Gibrick's defense, Golden will then have to prove (among other things) that Appel tried to file the complaint on January 5 but could not. To do even that much, Appel will have to testify. Indeed, he appears to be the only person who can testify about his actions on January 5. No

matter which test applies, then, Appel is "likely" to be a necessary witness. *See Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *3 (N.D. Ill. Dec. 14, 2012) (finding an attorney likely to be a necessary witness because he was the only one who could testify about his own actions and motivations).

In opposing disqualification, Appel argues that the timeliness question is "not germane to the legal issues that would be presented at trial." He characterizes timeliness as "procedural" rather than substantive and thus a "pretrial issue."

Appel cites no authority for this argument. Whether a time bar should be characterized as procedural or substantive is in fact less than clear. *Compare Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (calling a statute of limitations "a procedural device"), *with Springman v. AIG Marketing, Inc.*, 523 F.3d 685, 688 (7th Cir. 2008) (calling a statute of limitations "substantive").[2] What is clear, however, is that the time bar in Rule 4007 is an "affirmative defense" under Rule 7008, *see Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) (discussing the similar bar under Rule 4004), and like other affirmative defenses a matter for trial. Gibrick correctly pled his Rule 4007 defense as an affirmative defense in his answer. Whether he will prevail on it depends on the evidence introduced at trial. But his defense is no more a "pretrial issue" than any other defense on which there is a factual question.

### c. Substantial Hardship

The second part of the inquiry is also satisfied. Appel's disqualification as trial counsel will work no substantial hardship on Golden.

---

[2]   Different states also come out differently on the question. Wisconsin, for example, considers statutes of limitations to be substantive. *See Malone v. Corrections Corp. of Am.*, 553 F.3d 540, 543 (7th Cir. 2009) (discussing Wisconsin law). Illinois treats them as procedural. *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (discussing Illinois law).

Whether disqualification based on the advocate-witness rule will cause a substantial hardship requires the court to balance the client's interest in keeping his attorney against the court's interest in upholding the ethical standards in the rules of professional responsibility. *Doe*, 2010 WL 2293460, at *2. Courts weigh the policies underlying the advocate-witness rule,[3] and whether disqualification will promote those policies, against the harm disqualification might cause the client by depriving him of his attorney of choice, removing the attorney most familiar with the case, increasing the client's costs, and delaying the litigation. *Leventhal*, 2012 WL 1067568, at *5; *see also Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999) ("[A] court is directed by Rule 3.7 to conduct a balancing between the interests of the client and those interests of the opposing party.").

Although the call is a close one here, on balance these considerations weigh in favor of disqualification. On the one hand, the trial will be a bench trial, raising little risk that the trier of fact will confuse the roles of advocate and witness. *See United States v. Johnston*, 690 F.2d 638, 644 (7th Cir.1982) (noting that the advocate-witness rule is applied more flexibly when a bench trial is involved). On the other hand, Appel is unlikely to be an objective witness. His testimony will concern more than just matters he happened to observe as a bystander. It will concern the way he ran his law office and the steps he took to file the adversary complaint on Golden's behalf. With his conduct as a professional at issue, Appel will have every reason to cast his conduct in the light most favorable to himself. Disqualifying him will avoid any appearance of

---

[3] At least in private litigation with no government involvement, the advocate-witness rule addresses three concerns: "(1) the possibility that the attorney will not be a fully objective witness; (2) the risk that the trier of fact will confuse the roles of advocate and witness; and (3) the potential appearance of impropriety." *Leventhal*, 2012 WL 1067568, at *2; *see also United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983) (describing policies underlying the rule in litigation involving both the government and private parties).

impropriety.

Nor will Appel's disqualification place Golden in a particularly difficult position, increase his costs, or delay the litigation. This is not a complex matter: Golden's complaint alleges a straightforward fraud claim resulting in a debt of only $12,700. Replacement trial counsel can acquaint himself with the claim easily and get ready for trial quickly. Because Rule 3.7 addresses who can serve as an "advocate at . . . trial," Model Rules of Prof'l Conduct R. 3.7(a) (2016), Appel will be disqualified only as counsel at trial and can continue to represent Golden until then. *See alfaCTP Sys., Inc. v. Nierman*, No. 15 C 9338, 2016 WL 687281, at *6 (N.D. Ill. Feb. 19, 2016) (noting that Rule 3.7 would not prevent disqualified counsel "from representing [the plaintiff] in pre-trial proceedings"). As Gibrick points out, trial in the adversary proceeding is not imminent. Discovery is still continuing, no trial date set.

Golden contests none of this but argues simply that Gibrick waited too long to bring his disqualification motion. He notes that Gibrick knew of the potential grounds for disqualification in May 2016 but did not move to disqualify Appel until November 2016, six months later.

Golden has the dates right. He is right, too, that a delay in seeking to disqualify counsel weighs against disqualification. *See Leventhal*, 2012 WL 1067568, at *5. But Golden fails to explain why Appel's disqualification "this late in the matter" (as he puts it) would cause him a substantial hardship. Again, disqualification would remove Appel only as trial counsel in a matter with no trial date. The situation is not at all like *Leventhal*, in which the defendant sought to remove counsel for the plaintiff "just weeks before trial" in a matter where the parties had a long litigation history, a history with which counsel was intimately acquainted. *Id.* Removing Appel from this matter will undoubtedly work some hardship on Golden, but disqualification always does that to some degree. Golden offers no reason to believe the hardship would be a

-9-

substantial one.

Because Appel's disqualification would pose no substantial hardship to Golden, Gibrick's motion to disqualify Appel will be granted.

### 4. Conclusion

For these reasons, the motion of defendant Lanny R. Gibrick to disqualify Brendan Appel as counsel for plaintiff Robert Golden is granted. Appel is disqualified from serving as counsel for Golden at trial. A separate order will be entered consistent with this opinion.

Dated: January 3, 2017

_____
A. Benjamin Goldgar
United States Bankruptcy Judge